UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

§2255 MOTION TO VACATE FILED AS:
CIVIL CASE NO. 05-550-DCR
(CRIMINAL CASE NO. 04-68-DCR)

Eastern District of Kentucky
FILED

MAY 18 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA,                    PLAINTIFF

VS.          **REPORT AND RECOMMENDATION**

FELIPE DE JESUS JUAREZ,                       DEFENDANT

**\*\*\*\*\*\*\***

This matter is before the Court upon the "Motion to Vacate, Set Aside, or Correct Sentence" (DE#125) pursuant to 28 U.S.C. §2255 by the pro se defendant, Felipe De Jesus Juarez . Defendant's motion was referred to the undersigned Magistrate Judge for initial consideration and a report and recommendation. Having carefully considered the entire record, including the defendant's initial letter construed as a motion (DE#118), Amended §2255 Motion (DE#125), Response (DE#134), Rearraignment Transcript (DE#84), Sentencing Transcript (DE#121), and Waiver of Attorney-Client Privilege (DE#135), the Magistrate Judge recommends the following proposed findings of fact and conclusions of law:

## I. Findings of Fact

During a drug trafficking investigation, Detective Thomas McKnight, a DEA Task Force officer acting undercover, met with defendant and several co-defendants at the Deer Park Inn in London, Kentucky on August 24, 2004. These men agreed to deliver 150 pounds of marijuana to the undercover officer, with another 100 pounds to follow later. Subsequently, Felipe Juarez, Robert Cantu, Jairo Flores, Ramon Lobo, and Eric Palafox arrived at the hotel in two vehicles and went to the hotel room occupied by a confidential informant and Det. McKnight to deliver the marijuana. Juarez and Cantu retrieved 78 pounds of

marijuana from the trunk of the vehicle driven by Flores. According to Cantu, also known as "Beto", all five men were to share in the profits, and the marijuana was in the control of Juarez. Upon their arrest, Juarez at first denied any knowledge of the transaction, but later claimed that "Beto" was actually in charge.

On September 22, 2004, a London Grand Jury returned a two-count indictment against the defendant Felipe De Jesus Juarez (aka "Chuy") and four co-defendants. Count 1 charged them with conspiring to knowingly and intentionally distribute and possess with intent to distribute sixty kilograms or more of a mixture or substance containing a detectible amount of marijuana, in violation of 21 U.S.C. §846. Count 2 charged that the defendants, aided and abetted by each other, did knowingly and intentionally distribute over twenty kilograms or more of a mixture or substance containing a detectible amount of marijuana, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

Juarez appeared at arraignment on September 28, 2004, with his retained counsel, Alan S. Percely, and entered a not guilty plea. The case proceeded toward its scheduled trial date. Counsel engaged in plea negotiations, and just before trial, defendant accepted the plea offer and agreed to plead guilty to the conspiracy alleged in Count 1. The defendant reviewed and signed a written plea agreement. The plea agreement plainly set forth the factual basis for the guilty plea. DE#94, ¶3. Although the written plea agreement indicated that there was no agreement as to the length of the defendant's sentence, it advised defendant of the maximum applicable penalty and provided recommended sentencing calculations under the federal sentencing guidelines.

The plea agreement recommended a base offense level of 22, a two-level increase under U.S.S.G. §3B1.1 for his "aggravating role" in the offense, a two-level decrease under U.S.S.G. §3E1.1 for acceptance of responsibility, and a further one-level decrease based on defendant's timely notice of intent to plead guilty. DE#94, Plea Agreement ¶5 (a-f). In his written plea agreement, defendant waived his right to appeal and to collaterally attack his guilty plea and conviction. DE#94, p. 4, ¶8. He also waived the right to challenge any sentence that did not exceed 60 months imprisonment. DE#94, p. 4, ¶8.

At rearraignment on December 13, 2004, the terms of the plea agreement were recited in open court. Defendant acknowledged under oath that he had reviewed the plea agreement with his counsel, understood its provisions, agreed to its terms, was satisfied with his counsel's advice, and was voluntarily entering his guilty plea. DE#84, TR 7-8, 11-20. Defendant admitted the factual basis for the offense, and after a full colloquy in which the knowing and voluntary nature of

defendant's decision to plead guilty was ascertained, the Court accepted defendant's guilty plea. DE#84, TR 21.

A presentence report was prepared, assigning a base offense level of 22 and a three-level reduction for acceptance of responsibility. Given that he had no prior convictions, the PSR assigned a criminal history category of I. The federal sentencing guidelines established a sentencing range of 37 to 46 months. See PSR, ¶35-49, 69. At the sentencing hearing held on April 25, 2005[1], Juarez indicated he had reviewed it with his counsel. DE#121, TR 3. Defense counsel indicated he had no objections to the PSR calculations. DE#121, TR 9. The judge sentenced defendant to 41 months imprisonment, to be followed by a three-year term of supervised release. DE#121, TR 3-19. Upon motion of the United States and in conformity with the plea agreement, the judge dismissed Count 2 of the indictment. DE#121, TR 10.

Defendant was advised in open court about his waiver and any remaining right to appeal, such as the right to appeal the validity of his waiver. Judgment of conviction was entered on April 25, 2005. DE#104. Defendant did not file a direct appeal. His counsel has submitted an affidavit indicating that defendant instructed him not to appeal. However, on or about September 8, 2005, defendant sent a letter to the court, seeking to challenge his plea agreement and wanting a lesser sentence. DE#118. This Court construed the letter as a motion to vacate sentence pursuant to 28 U.S.C. §2255, and the defendant subsequently filed an amended motion in which he expanded his "ineffectiveness" arguments and set forth his own version of the "facts". DE#125. The respective parties have been granted several extensions of time for briefing, and this matter is now ripe for review.

## II. Issues Presented

The threshold issues before this Court are: 1) whether defendant validly and expressly waived his right to bring a collateral challenge to his conviction, guilty plea, and sentence, and 2) whether he procedurally defaulted by not appealing the validity of such waiver. Substantively, he alleges that his counsel was "ineffective" for allegedly leading him to believe that he would get a lesser sentence of 30 -37 months, and for allegedly "coercing" defendant into signing the plea agreement. Juarez contends that such "ineffectiveness" rendered his guilty

---

[1]The cover page of the sentencing transcript (DE#121) lists the hearing date as April 25, 2004, however this is a clerical error. The hearing actually took place on April 25, 2005.

plea "involuntary" and his waivers in his plea agreement "invalid". He also contends he was only a minor participant in the offense and disputes the "factual basis" in the plea agreement.

## III. Conclusions of Law

### Statutory Jurisdiction

The federal habeas statute, 28 U.S.C. §2255, provides that: "A prisoner in custody....may move the court which imposed the sentence to vacate, set aside or correct sentence." The defendant has correctly filed this motion in the court that imposed the federal sentence now challenged. At the time he filed the present §2255 motion, Barker was in federal custody at "FCI Bastrop" in Bastrop, Texas.

### Applicability of AEDPA, Successiveness

The "Antiterrorism and Effective Death Penalty Act of 1996" (AEDPA) was enacted on April 24, 1996, and its provisions apply to §2255 motions, such as the present one, that were filed after such date. *Penry v. Johnson*, 532 U.S. 782, 121 S.Ct. 1910, 1918, 150 L.Ed.2d 9 (2001); *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059 (1997); *Williams v. Taylor*, 120 S.Ct. 1495, 1518 (2000). The AEDPA requires courts to examine a §2255 motion to determine whether it is "successive". *In re Sims*, 111 F.3d 45 (6th Cir. 1997)(per curiam). Juarez indicates he has not filed any other §2255 motions, and the record does not reflect any.

### AEDPA One-Year Period of Limitations

A §2255 motion to vacate by a federal prisoner is subject to a one-year period of limitation that generally runs from "the date on which the judgment of conviction becomes final" or several other dates not applicable here. 28 U.S.C. §2255, ¶ 6(1); *Clay v. United States*, 123 S.Ct. 1072, 1074 (2003). Judgment of conviction was entered April 25, 2005 (see DE#104), and Juarez did not appeal. For purposes of the AEDPA one-year period of limitations, judgment was "final" ten days later. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)("when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of

appeal was filed. In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1).").  If Juarez is given the benefit of the "mailbox rule" for pro se prisoners, his §2255 motion would be deemed "filed" on or about September 8, 2005 (when he signed his petition and gave it to prison authorities for mailing). Defendant filed his §2255 motion within the one-year period of limitations.

**Express Waiver**

The record reflects that the defendant, after reviewing the terms of the written plea offer with his counsel, agreed to such terms and signed the plea agreement. DE#84, TR 7-8. As part of the plea bargain, defendant agreed to expressly waive certain rights. "[W]aiver is the intentional relinquishment or abandonment of a known right ." *United States v. Sheppard*, 149 F.3d 458 (6th Cir. 1998), citing *United States v. Olano*, 507 U.S. 725, 732-35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Specifically, Juarez  agreed in plain language that:

> "The Defendant also waives the right to appeal and the  right to attack collaterally any sentence, including any order of restitution, that does not exceed 60 months of imprisonment...the Defendant agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines, and agrees to have his sentence determined pursuant to the Sentencing Guidelines." DE#94, ¶8.

A defendant may validly waive such rights. See *United States v. Watson*, 165 F.3d 486, 488-89  (6th Cir. 1999)(defendant may validly waive the right to seek collateral relief pursuant to §2255); *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001)(defendant may validly waive the right to challenge his conviction by means of a §2255 motion, including claims of ineffective assistance of counsel); *Palermo v. United States*, 101 F.3d 702, 1996 WL 678222 (6th Cir. (Ohio))(enforcing waiver and observing that both the right to appeal and the right to seek collateral relief are statutory rights that may be waived); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002 (1995)(defendant may validly waive the right to appeal). Of course, a defendant's waiver of such rights, like the guilty plea itself, must be knowing, intelligent, and voluntary. See *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *United States  v. Sammons*, 918 F.2d 592, 596 (6th Cir. 1990).

At the defendant's rearraignment hearing, the terms of the plea agreement, including the waiver and sentencing recommendations, were recited in open court. DE#84, TR 8-11. Defendant indicated that he had reviewed the plea agreement with counsel and understood its contents, including the waiver, and that he voluntarily gave up such rights and wished to enter his guilty plea. DE#84, TR 11-12, 14. He has not shown any plausible reason why his express waiver should not be enforced. See *United States v. Sykes*, 292 F.3d 495, 498 (6th Cir.), *cert. denied*, 537 U.S. 965 (2002)("informed waivers are valid"); *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005)(enforcing voluntary waiver by defendant).

The United States correctly points out that Juarez expressly waived the right to challenge any sentence below 60 months and that he received a sentence of 41 months. Thus, his sentence did not exceed the sentence recommended in the plea agreement. The fact that a defendant, at the time he enters his guilty plea, does not know the precise sentence he will receive does not mean that the plea was "unknowing". *United States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990). A defendant's subjective hope of a lesser sentence is unavailing. "Courts naturally look with a jaundiced eye upon any defendant who seeks to withdraw a guilty plea after sentencing on the ground that he expected a lighter sentence". *United States v. Crusco*, 536 F.2d 21, 24 (3rd Cir. 1976). The plea agreement contained non-binding sentencing recommendations. Juarez was specifically advised in open court that the exact guideline range would be calculated in the presentence report and that until it "has been filed it would be impossible for the Court or for your attorney to know exactly what your guideline range would be". Juarez indicated to the judge that he understood this. DE#84, TR 15, line 21.[2]

Juarez does not contend that any calculations in the plea agreement were inaccurate. He merely claims that he was not actually a "manager" of the group engaging in the drug transaction. However, Juarez admitted in open court that the facts set forth in the factual statement in paragraph three of the plea agreement were true and correct. DE#84, TR 21. Juarez was found to be a "manager" of the drug transaction and cannot now seek a lesser sentence on such basis. He made no objections at sentencing and waived the right to challenge a sentence under 60 months. The judge asked Juarez in open court "do you understand that you would

---

[2]Although Juarez speaks and write in English, and although his attorney can speak Spanish, defendant was nonetheless provided an interpreter in order to safeguard his rights and make sure that there were no issues regarding a failure to understand the proceedings and advice given him.

not be able to withdraw your plea of guilty if your attorney's prediction or your belief about the guidelines proves to be inaccurate? In other words, you'd still be bound by your plea agreement". DE#84, p. 17. Juarez responded affirmatively. The Court further informed defendant that "if the ultimate sentence that's imposed is more severe than you expect, you would still be bound by your plea agreement and you wouldn't have a chance to withdraw it at that time." DE#84, p. 17. Again, defendant indicated he understood.

Despite these sworn statements, Juarez now seeks a lesser sentence. He is dissatisfied with his plea bargain and seeks to invalidate his waiver and guilty plea by alleging that counsel was ineffective and that the plea was not voluntary. However, the Sixth Circuit Court of Appeals has held that "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila,* 258 F.3d at 450. The Sixth Circuit Court of Appeals noted that "[t]he majority of Circuits support the waiver of collateral review in a plea agreement if it is knowingly, intelligently, and voluntarily made except when the ineffective assistance of counsel claims relate directly to the plea agreement or the waiver." *Davila*, 258 F.3d at 451. Although defendant attempts to make such argument, the record refutes his claim that his plea was not voluntary and knowing, or that his counsel was ineffective.

With respect to his express waiver, the transcript of the plea colloquy shows that the district court complied with Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure, which provides that, prior to accepting a guilty plea, the court must inform the defendant of the appellate-waiver provision in the plea agreement and must determine that the defendant understands it. See DE#84, TR 16 (reviewing defendant's waiver of rights). Defendant's waiver should be enforced. See, e.g., *McGilvery*, 403 F.3d at 363 (upholding waiver because after the prosecutor's recitation of the waiver's terms, the court determined that defendant understood the waiver); *United States v.Calderon,* 388 F.3d 197, 198-200 (6th Cir. 2004)(upholding waiver and observing that "there is nothing in the record to suggest that .... defendant misunderstood the scope of his waiver of appellate rights"); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996)

Although defendant claims that his counsel was "ineffective" and that therefore his plea was not "voluntary" and his waiver "invalid", the Sixth Circuit Court of Appeals held in *Ramos v. Rogers*, 170 F.3d 560 (6th Cir.), *cert. denied*, 528 U.S. 847 (1999) that "the trial court's proper plea colloquy cured any

misunderstanding he may have had about the consequences of his guilty plea."
See also, *Baker v. United States*, 781 F.2d 85, 91 (6th Cir. 1985), *cert. denied*, 479
U.S. 1017 (1986)(a "defendant's plea agreement consists of the terms revealed in
open court"). "Entry of a plea of guilty is not some empty ceremony, and
statements made to a federal judge in open court are not trifles that defendants
may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir.1999);
*United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004)(pointing out that "[t]he
purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district
judge must be able to rely on the defendant's sworn testimony at that hearing."). A
defendant's "solemn declaration of guilt carries a presumption of truthfulness".
*Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

The United States Supreme Court has held that:

> "A guilty plea represents a break in the chain of events which has preceded
> it in the criminal process. When a criminal defendant has solemnly admitted
> in open court that he is in fact guilty of the offense with which he is
> charged, he may not thereafter raise independent claims relating to the
> deprivation of constitutional rights that occurred prior to the entry of the
> guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36
> L.Ed.2d 235 (1973).

The entrance of a "guilty plea means that all possible non-jurisdictional, pre-plea
errors have been waived." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir.
2001); *United States v. Pickett*, 941 F.2d 411, 416-17 (6th Cir. 1991)("[B]ecause a
guilty plea bars any subsequent non-jurisdictional attack on the conviction, his
"failure to enter a conditional guilty plea prevents him from raising his
argument..."); *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000). The
government has a fundamental interest in the finality of guilty pleas. *Hill v.
Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

By voluntarily pleading guilty, defendant acknowledged that he admitted
the factual basis for the prosecution's case against him. He cannot now
"invalidate" his waiver and guilty plea merely by making a self-serving claim that
his counsel was ineffective or by challenging the facts set forth in the plea
agreement, particularly when the record shows he was fully informed in open
court regarding the terms of his plea agreement and fully admitted that the factual
basis was "true and correct". DE#84, TR 21.

**Procedural Default**

The record reflects a second procedural bar to defendant's claims. The United States correctly asserts that defendant did not appeal the validity of his waiver, and thus, has procedurally defaulted any challenge to its validity. This Court, in writing and in open court, specifically advised defendant of his right to appeal, and such advice included the statement that "if you believe the waiver is unenforceable, you can present that theory to the appellate court". DE#93; DE#121, TR 22. Defendant did not do so. Having obtained an advantageous plea bargain and a significantly lower sentence than would have been possible if he had been convicted after a jury trial, it is not surprising that defendant instructed his counsel not to appeal.

Although defendant now seeks to bring a collateral challenge to his conviction and belatedly challenges his waiver, a motion to vacate pursuant to §2255 is not a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir.), *cert. denied*, 124 S.Ct. 585 (2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 116 S.Ct. 1701 (1996); *United States v. Duhart*, 511 F.2d 7, 9 (6th Cir.), *cert. dismissed*, 421 U.S. 1006 (1975).

When a defendant has failed to assert his claim on direct appeal and has procedurally defaulted, he may not raise such issue on §2255 unless he shows (1) good cause for his failure to raise such arguments and resulting prejudice, or (2) actual innocence. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Regalado*, 334 F.3d at 528. Such "cause and prejudice" test applies to a defendant who pleads guilty and then attempts to assert his claim for the first time in a motion to vacate. *Id.*; see also, *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). Defendant has not shown any "cause and prejudice" to excuse his default, nor any "actual innocence".

**Standard for Ineffective Assistance of Counsel**

Defendant alleges various grounds for ineffective assistance of counsel. "Attorney error that amounts to ineffective assistance of counsel can constitute 'cause' under the cause and prejudice test." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001), quoting *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999), citing *Coleman v. Thompson*, 501 U.S. 722, 754, 111 S.Ct. 2546 (1991). In order to constitute "cause" to excuse default, the attorney error must satisfy the standard

for constitutional ineffectiveness established in *Strickland*. However, defendant has not done so.

Criminal defendants have the right to effective assistance of counsel under the Sixth Amendment. *Evitts v. Lucey*, 49 U.S. 387, 396-97, 83 L.Ed.2d 821, 830 (1984); *Strickland v. Washington*, 455 U.S. 668, 687 (1984). However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Hence, petitioner is not entitled to habeas relief unless he establishes a constitutional error that had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 113 S.Ct. 1710, 1722, reh'g denied, 113 S.Ct. 2951 (1993). Of course, not all attorney errors amount to "constitutional error", nor do they have a "substantial and injurious effect" on the verdict. *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Gravely v. Mills*, 87 F.3d 779, 789 (6th Cir. 1996).

In determining such claims, federal courts will examine whether 1) counsel's performance was objectively deficient, and 2) whether the deficiency prejudiced the defendant's defense. *Strickland*, 455 U.S. at 685-87. The United States Supreme Court has observed that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* at 686. To show resulting "prejudice", counsel's deficient performance must have rendered the result of the trial unreliable or fundamentally unfair. *Id.* A defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance..." *Id.* at 690. Counsel cannot be deemed ineffective for failing to raise meritless or frivolous issues. See, e.g., *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998), *cert. denied*, 525 U.S. 935 (1998).

## Whether Defense Counsel was Constitutionally Ineffective

Even assuming that the defendant's claims were not waived and defaulted, defendant has shown no ineffectiveness by counsel and no basis for §2255 relief. Juarez alleges that his trial counsel was ineffective because counsel told him he "must" sign the plea agreement in order to obtain a lesser sentence. Of course, this is the very nature of a plea bargain and does not show undue coercion by defense counsel. In *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003), the Sixth Circuit Court of Appeals explained that:

Page 10 of 14

"The decision to plead guilty--first, last, and always--rests with the defendant, not his lawyer. Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction."

Juarez acknowledges that his counsel reviewed the charges with him. DE#84, TR 6-7). The record reflects that counsel met with defendant at the Laurel Detention Center and discussed the terms of the plea agreement for over two hours. DE#84, TR 6. Such plea agreement terms included the factual basis for the plea offer and the various recommendations regarding sentencing factors. DE#84, TR 6. Although defendant complains that counsel initially estimated a sentencing range of 30-37 months, he was specifically advised in open court that the exact guideline range would be calculated in the presentence report and that until it "has been filed it would be impossible for the Court or for your attorney to know exactly what your guideline range would be". Juarez indicated to the judge that he understood. DE#84, TR 15, line 21. Juarez also acknowledged in open court that he had not been promised any specific sentence. DE#84, TR 12 (Court: "Has anyone told you that you would receive a specific sentence in exchange for entering a plea of guilty in this case?" Juarez: "No."). Counsel's initial estimate was reasonable, given that various factors could influence the final sentence. For example, no 5K motion was made with respect to Juarez, and the sentencing judge decided not to depart downwards. DE#121, TR 18-19. Counsel did repeatedly request that defendant be sentenced at the bottom of the applicable guideline range of 37 to 46 months. See DE#121, TR 10-15.

Defendant's additional self-serving and unsupported allegations fail to demonstrate any constitutional ineffectiveness on defense counsel's part. For example, although defendant complains that he joined the conspiracy one day before he was caught and that co-defendant "Beto" only got a sentence of 24 months, such allegations are irrelevant to counsel's performance. Moreover, counsel did argue at sentencing that the co-defendants' sentences should reflect their actual culpability. DE#121, TR 12. Defendant allegation that he joined the conspiracy one day before he was caught is belied by the record.

To the extent Juarez alleges that counsel should have objected to the PSI, he fails to specify any proper basis for an objection. To the extent he seeks the return of his "SUV Lincoln Navigator", he indicates he gave it to counsel as part

of his negotiated retainer fee for representation in this case. See DE#125, p. 10-B, and attached retainer agreement. Such matter is not the proper subject of a §2255 motion. To the extent Juarez complains that his counsel was late in submitting defendant's financial affidavit to probation, the record reflects that counsel presented the financial affidavit at sentencing and candidly apologized for submitting it at such late hour. DE#121, TR 5. Regardless, defendant has not shown any resulting prejudice from counsel's performance in such incident, much less that he would not otherwise have pleaded guilty. Counsel argued that defendant had four children and a wife who would face hardship if a large fine was imposed. Given defendant's assets, the court found that defendant had some ability to pay a fine and imposed a relatively small fine – only $3,000.00 dollars. No ineffectiveness by counsel has been shown on such basis.

To the extent, Juarez claims that  counsel denied him his right to appeal, Juarez was advised in open court of his right to appeal. He was also present when the Court addressed the matter of defense counsel desiring to withdraw, as he was hired only for purposes of trial and/or pleading.  DE#121, TR 23-24. Defendant acknowledges this in his own motion. DE#125, p. 9-II.  The Court indicated to defendant and counsel that counsel would remain until the time for notice of appeal had passed and that a written motion to withdraw could be filed at such time. Juarez was certainly aware that he had waived his right to appeal any sentence under 60 months, but that he could still challenge the validity of the waiver. Defense counsel is required to file a notice of appeal if timely requested to do so by his client. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

However, counsel indicates in his affidavit that Juarez informed him he did not want to file an appeal. DE#134, attached affidavit. Counsel may not be deemed ineffective for following his client's instructions. See *Roe v. Flores-Ortega,* 528 U.S. 470, 477-78, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)(holding that where an attorney has been instructed not to file an appeal, the defendant cannot later claim ineffective assistance of counsel where the attorney follows the defendant's instructions and does not file an appeal). Defendant's allegation that he was denied an appeal is self-serving and not substantiated by the record. His allegations do not establish any objective deficiency in counsel's performance, nor any resulting prejudice to the defense.

## No Hearing Required

No hearing is required if the petitioner's allegations are refuted by the

record or are merely conclusions rather than statements of fact. *Blanton v. United States*, 94 F.3d 227, 235 (6ᵗʰ Cir. 1996)(holding that "evidentiary hearings are not required when ... the record conclusively shows that the petitioner is entitled to no relief."); *Arrendondo v. United States*, 178 F.3d 778, 782 (6ᵗʰ Cir. 1999); *Baker v. United States*, 781 F.2d 85, 92 (6ᵗʰ Cir. 1986); and see, e.g., *Curry v. United States*, 39 Fed. Appx. 993, 994 (6ᵗʰ Cir. (Ky.)). The United States Supreme Court has observed that "[t]o allow indiscriminate hearings in federal post-conviction proceedings ....would eliminate the chief virtues of the plea system-- speed, economy, and finality." *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977); *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

The present §2255 motion concerns determinative threshold issues (waiver and default) and substantive issues (ineffective assistance of counsel) that can be decided on the record before the Court. An evidentiary hearing would not help resolve such issues. The defendant is not entitled to an evidentiary hearing. See, e.g., *Vroman v. Brigano*, 346 F.3d 598, 606 (6ᵗʰ Cir. 2003); *Lott v. Coyle*, 261 F.3d 594, 602 (6ᵗʰ Cir. 2001); *Pratt v. United States*, 107 Fed. Appx. 556, 2004 WL 1859513, *2 (6ᵗʰ Cir. (Mich.))(finding no abuse of discretion in denying defendant's motion without an evidentiary hearing).

## Certificate of Appealability ("COA")

When a district court rules upon a §2255 motion, a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. §2253(c)(2), and shall indicate which specific issues satisfy the "substantial showing" requirement. See *Murphy v. Ohio*, 263 F.3d 466, 467 (6ᵗʰ Cir. 2002)(requiring an "individualized determination of each claim...in considering whether to grant a COA"); *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed2d 542 (2000), the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling".

Defendant expressly waived the right to challenge a sentence below 60

months. The record reflects that defendant did not appeal the validity of the waiver in his plea agreement.  In light of his advantageous plea bargain, his express waiver, and his relatively low sentence of 41 months, Juarez had little reason to appeal the waiver. In fact, the record reflects that he instructed his counsel not to appeal. Counsel is not ineffective for following his client's instructions. Juarez has defaulted the issue of the validity of his waiver, and cannot raise it now in an attempt to seek a lower sentence.

Defendant admitted the factual basis for his guilty plea and cannot dispute the such factual basis now. Defense counsel obtained an advantageous plea bargain for him, as Count 2 was entirely dismissed as part of the plea bargain. If defendant had proceeded to trial and been convicted of both counts against him, he would have faced a substantially longer sentence than he is presently serving. Counsel's performance was not objectively deficient. Defendant's self-serving claim that he was "coerced" into pleading guilty is refuted by the record and his own sworn statements. Jurists of reason would not debate these matters. Defendant must meet both *Slack* prongs to obtain a COA. He has not done so.

## **RECOMMENDATION**

It is **RECOMMENDED** that the "Motion to Vacate or Set Aside Sentence" (DE#125) by the petitioner be **DENIED** with prejudice; it is further **RECOMMENDED** that a Certificate of Appealability not be issued.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985).  Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  See *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991).  A party may file a response to another party's objection within ten (10) days after being served with a copy thereof.  Rule 72(b), Fed. R.Civ.P.

This the ___18th___ day of May, 2006.



Signed By: 
J. B. Johnson, Jr.
United States Magistrate Judge